HATCHETT, Chief Judge,
concurring in part and dissenting in part.
I agree with the majority opinion insofar as it concludes that the district court did not err in granting the directors, officers and Shearson summary judgment. I do not agree, however, with the majority’s holding that the district court erred in granting the shareholders summary judgment.
Section 546(e) precludes the trustee in bankruptcy from avoiding settlement payments made by or to a financial institution, commodity broker, forward contract merchant, stockbroker, or securities clearing agency unless the debtor company made such payments with the “actual intent to hinder, delay or defraud” creditors. 11 U.S.C. § 548(a)(1); see also 11 U.S.C. § 546(e). In this case, Munford, Inc. deposited funds to purchase its outstanding stock with Citizens & Southern Trust Company, a financial institution. Citizens & Southern Trust Company then made settlement payments to the shareholders for their stock. Munford, Inc., acting as trustee, filed this action seeking to avoid the payments Citizens & Southern Trust Company made to the shareholders. The district court granted *614 summary judgment in favor of the shareholders concluding that section 546(e) barred the avoidance of settlement payments “made by” a financial institution.
In reversing the grant of summary judgment, the majority holds that whether the LBO payments qualify as settlement payments under section 546(e) is not dispositive on the issue of whether a trustee in bankruptcy can avoid such transfers under state law. Instead, the majority concludes that the dispositive issue is whether the financial institution acquired a beneficial interest in the settlement payments. I believe the majority, rather than require Munford, Inc. to prove “actual intent to hinder, delay or defraud” its creditors, chose to disregard the plain language of section 546(e) in order to create a new exception to its application. Because I believe that LBO payments made to shareholders constitute settlement payments for purposes of section 546(e) and that section 546(e) only permits a trustee in bankruptcy to avoid settlement payments made to shareholders by a financial institution when such payments are made with the actual intent to hinder, delay or defraud creditors, I respectfully dissent.